THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| ROBERTO MARTINEZ | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:15-CV-48 |
| | § | |
| ASI LLOYDS, SHANON WATSON, | § | |
| and ADAM ANDERSON | § | |
| | § | |
| Defendants. | § | |

## DEFENDANT ASI LLOYDS' NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, Defendant ASI Lloyds ("ASI"), hereby removes the action styled and numbered *Roberto Martinez v. ASI Lloyds, Shanon Watson, and Adam Anderson*, Cause No. 2015CVF000217D4, pending in the 406th Judicial District Court in Webb County, Texas to the United States District Court for the Southern District of Texas, Laredo Division. For the reasons set forth below, removal of the state court action is proper under 28 U.S.C. §§ 1332, 1441, and 1446.

### I.   THE STATE COURT ACTION

1. On January 21, 2015, Plaintiff Roberto Martinez ("Martinez") filed his Original Petition in the 406th Judicial District Court in Webb County, Texas – Cause No. 2015CVF000217D4.

2. Martinez' Original Petition alleges causes of action against ASI for Fraud, Conspiracy to Commit Fraud, Breach of Contract, Unfair Settlement Practices (Texas Insurance Code Chapter 541), Prompt Payment of Claims (Texas Insurance Code Chapter 542), and Breach of the Duty of Good Faith and Fair Dealing.

3. Martinez' Original Petition alleges causes of action against Defendants Shanon Watson ("Watson") and Adam Anderson ("Anderson") for Unfair Settlement Practices (Texas Insurance Code Chapter 541), Fraud, and Conspiracy to Commit Fraud. Martinez' Original Petition also alleges that all actions taken by Watson and Anderson were as agents of ASI and/or were ratified by ASI.

## II.   ASI'S NOTICE OF REMOVAL IS TIMELY

4. ASI was served with the Original Petition and citation on February 6, 2015. Anderson was served on February 21, 2015. Watson was served on February 16, 2015. Accordingly, ASI files this Notice of Removal within the 30-day time period required by 28 U.S.C. § 1446(b).

## III.   VENUE IS PROPER

5. Venue is proper in this district under 28 U.S.C. § 1441(a) because the state court where the action has been pending is located in this district.

## IV.   BASIS FOR REMOVAL JURISDICTION

6. Removal of this action is proper under 28 U.S.C. § 1441 because it is a civil action brought in a state court and the federal courts have original jurisdiction over the subject matter pursuant to 28 U.S.C. § 1332. Specifically, removal is proper because there is now, and was at the time this action was filed, complete diversity of citizenship between Martinez and ASI and the amount in controversy exceeds $75,000 excluding interest, costs, and attorney's fees. The citizenship of Watson and Anderson, both fraudulently joined defendants, should be disregarded for the purposes of determining whether diversity jurisdiction exists.[1]

7. Martinez is a Texas resident who resides in Webb County, Texas.

---

[1] *Johnson v. Heublein,* 227 F.3d 236, 240 (5th Cir. 2000) (stating that the citizenship of a party that is improperly joined must be disregarded in determining whether diversity of citizenship exists).

8. ASI was at the time this lawsuit was filed, and at the date of this Notice remains, an association of underwriters. The individual underwriters are as follows: Tanya J. Fjare, Trevor C. Hillier, Kevin R. Milkey, Gregory E. Stewart, John F. Auer, Jr., Robert K. Munns, Jr., Edwin L. Cortez, Mary F. Bacon, Antonio Scognamiglio, and Philip L. Brubaker. Each of these underwriters is a citizen of the State of Florida. The United States Supreme Court has held that an unincorporated association's citizenship is determined by the citizenship of each of its partners.[2] Therefore, ASI is not a citizen of the State of Texas.

9. Defendants Watson and Anderson are both citizens of Texas for diversity jurisdiction purposes because they are Texas residents. However, for the reasons set forth below, they were improperly joined, and therefore their citizenship must be ignored for removal purposes.

10. Accordingly, there is now, and was at the time this action was filed, complete diversity of citizenship between all Plaintiffs, Martinez, and all proper Defendants, ASI.

## V. WATSON AND ANDERSON WERE IMPROPERLY JOINED AS DEFENDANTS

11. Removal jurisdiction is determined on the basis of the claims in the state court pleading as it exists at the time of removal.[3] To establish that a non-diverse defendant has been improperly joined for the purpose of defeating diversity jurisdiction, the removing party must show either (1) that there is no reasonable possibility that the plaintiff will be able to establish a cause of action against the non-diverse defendant under state law, or (2) actual fraud in the

---

[2] *Deep Marine Technology, Inc. v. Conmaco/Rector, L.P.,* 515 F.Supp.2d 760, 766 (S.D. Tex. June 26, 2007); *Smith v. Allstate Texas Lloyds,* No. 4:12cv486, 2012 WL 7827609, at *2 (E.D. Tex. Dec. 21, 2012) (recognizing that this has been a consistent view of the United States Supreme Court for over 100 years); *Carden v. Arkoma Assocs.,* 494 U.S. 185, 195-96 (1990).

[3] *See Castellanos v. Bridgestone Corp.,* 215 F.Supp.2d 862, 864 (S.D. Tex. July 22, 2012); *Cavallini v. State Farm Mutual,* 44 F.3d 256, 262 (5th Cir. 1995).

pleading of jurisdictional facts.[4]  Here, the first alternative clearly applies.  The standard for such an inquiry is whether the defendant has demonstrated that "there is no reasonable basis . . . to predict that the plaintiff might be able to recover against an in-state defendant."[5]

12.   Under this standard, there is no reasonable basis for predicting that Martinez might establish liability against Watson and/or Anderson.  Watson and Anderson do not have and have never had any involvement with Martinez or his claim with ASI Lloyds that forms the basis of this lawsuit.[6]  The claims Martinez has presented about both Watson and Anderson are baseless in both law and fact.[7]  Accordingly, Watson and Anderson have been improperly joined and their citizenship should be ignored for removal purposes.

## VI.   AMOUNT IN CONTROVERSY

13.   If it is facially apparent that Martinez' claims exceed the jurisdictional amount, ASI's burden is satisfied.[8]

14.   In his Original Petition, Martinez seeks monetary relief over $200,000.[9]

15.   Thus, it is facially apparent that Martinez' claims exceed the jurisdictional minimum of $75,000.01.

16.   Because there is complete diversity among the parties and the amount in controversy requirement is satisfied, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).

---

[4] *Melder v. Allstate Corp.,* 404 F.3d 328, 330 (5th Cir. 2005); *Smallwood v. Ill. Cent. R.R. Co.,* 385 F.3d 568, 573 (5th Cir. 2004).

[5] *Neubauer v. Logan's Roadhouse of Texas, Inc.,* Civil Action No. L-09-81, 2009 WL 4263471, at *3 (S.D. Tex. Nov. 24, 2009) (citing *Smallwood,* 385 F.3d at 573).

[6] See Affidavits of Adam Anderson and Shanon Watson, true and correct copies of which are attached and incorporated as fully set forth herein as **Exhibits A and B**.

[7] *Id.*

[8] *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1999).

[9] See **Exhibit D**, Martinez' Original Petition at ¶6.

Removal is therefore proper.

## VII.   COMPLIANCE WITH LOCAL RULE 81

17. Pursuant to Rule 81 of the Local Rules of the Southern District of Texas, ASI is filing this Notice of Removal, accompanied by the following exhibits:

    a. All executed process in the case, attached hereto as ***Exhibit C***

    b. Martinez' Original Petition, attached hereto as ***Exhibit D***

    c. Defendants' Original Answer, attached hereto as ***Exhibit E***

    d. The state court docket sheet, attached hereto as ***Exhibit F***

    e. An index of matters being filed, attached hereto as ***Exhibit G***

    f. A list of all counsel of record, including addresses, telephone numbers, and parties represented, attached hereto as ***Exhibit H***

## VIII.   CONCLUSION

18. ASI will promptly file a copy of this Notice of Removal with the clerk of the state court where the action is pending.

19. Therefore, ASI hereby provides notice that this action is duly removed.

        Respectfully submitted,

By:    */s/ Todd M. Tippett*
    Todd M. Tippett
    State Bar No. 24046977
    Southern District Bar No. 573544
    TTippett@zelle.com
    Attorney-In-Charge

    Andrew A. Howell
    State Bar No. 24072818
    Southern District Bar No. 1751294
    AHowell@zelle.com

**ZELLE HOFMANN VOELBEL & MASON LLP**
901 Main Street, Suite 4000
Dallas, TX 75202
Telephone:   (214) 742-3000
Facsimile:    (214) 760-8994

**ATTORNEYS FOR DEFENDANT ASI LLOYDS**

# CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Notice of Removal has been served on all the following counsel of record by electronic filing pursuant to the FEDERAL RULES OF CIVIL PROCEDURE on this 6th day of March, 2015:

>   Rene M. Sigman
>   State Bar No. 24037492
>   rmsdocketfile@mostynlaw.com
>   **MOSTYN LAW FIRM**
>   3810 W. Alabama Street
>   Houston, Texas 77027
>   (713) 861-6616 – phone
>   (713) 861-8084 – fax
>
>   **ATTORNEY FOR PLAINTIFF
>   ROBERTO MARTINEZ**

                              */s/ Todd M. Tippett*
                              Todd M. Tippett