# EXHIBIT "D"

Filed
1/21/2015 10:52:38 AM
Esther Degollado
District Clerk
Webb District
2015CVF000217D4

## CAUSE NO._____

| | | |
|---|---|---|
| **ROBERTO MARTINEZ,** | § | **IN THE DISTRICT COURT OF** |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **WEBB COUNTY, TEXAS** |
| | § | |
| **ASI LLOYDS, SHANON WATSON,** | § | |
| **AND ADAM ANDERSON,** | § | |
| **Defendants.** | § | **_____ JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Roberto Martinez ("Plaintiff"), and files this *Plaintiff's Original Petition*, complaining of ASI Lloyds ("ASI"), Shanon Watson ("Watson"), and Adam Anderson ("Anderson") (to whom will be collectively referred as "Defendants"), and for cause of action, Plaintiff would respectfully show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1.  Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### PARTIES

2.  Plaintiff Roberto Martinez is an individual residing in Webb County, Texas.

3.  Defendant ASI is an insurance company engaging in the business of insurance in the State of Texas. This defendant may be served with personal process, by a process server,

by serving its Attorney for Service, Rodney D. Bucker, 700 North Pearl Street, 25th Floor, Dallas, Texas 75201-2825.

4.      Defendant Shanon Watson is an individual residing in and domiciled in the State of Texas. This defendant may be served with personal process by a process server at his place of residence at 4215 Loop 343, Rusk, Texas 75785.

5.      Defendant Adam Anderson is an individual residing in and domiciled in the State of Florida. This defendant may be served with personal process by a process server at his place of residence at 2749 Northridge Dr. E., Clearwater, Florida 33761.

### JURISDICTION

6.      The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiff is seeking monetary relief over $200,000 but not more than $1,000,000. Plaintiff reserves the right to amend his petition during and/or after the discovery process.

7.      The Court has jurisdiction over Defendant ASI because this defendant is a domestic insurance company that engages in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas.

8.      The Court has jurisdiction over Defendant Watson because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas.

9.      The Court has jurisdiction over Defendant Anderson because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas.

## VENUE

10.  Venue is proper in Webb County, Texas, because the insured property is situated in Webb County, Texas.  TEX. CIV. PRAC. & REM. CODE §15.032.

## FACTS

11.  Plaintiff is the owners of a Texas Homeowners' Insurance Policy (hereinafter referred to as "the Policy"), which was issued by ASI.

12.  Plaintiff owns the insured property, which is specifically located at 105 Georgia St., Laredo, Texas 78041, in Webb County (hereinafter referred to as "the Property").

13.  ASI sold the Policy insuring the Property to Plaintiff.

14.  On or about May 9, 2014, a hail storm and/or windstorm struck Webb County, Texas, causing severe damage to homes and businesses throughout the area, including Plaintiff's residence.  Specifically, Plaintiff's roof sustained extensive damage during the storm. Water intrusion through the roof caused significant damage throughout the entire home and garage including, but not limited to, the home's ceilings, walls, insulation, and flooring.  Plaintiff's home also sustained substantial structural and exterior damage during the storm.  After the storm, Plaintiff filed a claim with his insurance company, ASI, for the damages to his home caused by the hail storm and/or windstorm.

15.  Plaintiff submitted a claim to ASI against the Policy for Roof Damage, Structural Damage, Water Damage, and Wind Damage the Property sustained as a result of the hail storm and/or windstorm.

16.  Plaintiff asked that ASI cover the cost of repairs to the Property pursuant to the Policy, including but not limited to, repair and/or replacement of the roof and repair of the interior water damages to the Property, pursuant to the Policy.

17.   Defendant ASI assigned Defendant Watson and Defendant Anderson as the individual adjusters on the claim. The adjuster assigned to Plaintiff's claim was improperly trained and failed to perform a thorough investigation of Plaintiff's claim. Watson conducted a substandard inspection of Plaintiff's property. For example, Watson spent forty (40) minutes inspecting Plaintiff's entire Property for damages. Watson both underestimated and undervalued the cost of repairs to the damaged items that he did include in the estimate. Ultimately, Watson's estimate did not allow adequate funds to cover the cost of repairs to all the damages sustained, which failed to include all of Plaintiff's damages noted upon inspection. Watson's inadequate investigation of the claim was relied upon by the other Defendants in this action and resulted in Plaintiffs' claim being undervalued and underpaid.

18.   Defendant Anderson also actively participated in the investigation of Plaintiff's claim. Specifically, he corresponded with Plaintiff regarding his claim in letters, communicated with Plaintiff by telephone regarding the claim, and/or reviewed reports, documents and information regarding the claim. Defendant Anderson failed to thoroughly review Watson assessment of the claim and ultimately approved and/ or submitted and inaccurate report of the damages.

19.   Together, Defendants ASI, Watson, and Anderson set about to deny and/or underpay on properly covered damages. As a result of these Defendants' unreasonable investigation of the claim, including not providing full coverage for the damages sustained by Plaintiff, as well as under-scoping the damages during their investigation and thus denying adequate and sufficient payment to Plaintiff to repair his home, Plaintiff's claim was improperly adjusted. The mishandling of Plaintiff's claim has also caused a delay in his

ability to fully repair his home, which has resulted in additional damages. To this date, Plaintiff has yet to receive the full payment to which his is entitled under the Policy.

20.    As detailed in the paragraphs below, ASI wrongfully denied Plaintiff's claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff. Furthermore, ASI underpaid some of Plaintiff's claims by not providing full coverage for the damages sustained by Plaintiff, as well as under-scoping the damages during its investigation.

21.    To date, ASI continues to delay in the payment for the damages to the property. As such, Plaintiff has not been paid in full for the damages to his home.

22.    Defendant ASI failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. ASI's conduct constitutes a breach of the insurance contract between ASI and Plaintiff.

23.    Defendants ASI, Watson, and Anderson misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants ASI's, Watson's and Anderson's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

24.    Defendants ASI, Watson, and Anderson failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendants ASI's, Watson's, and Anderson's conduct constitutes a violation of

the Texas Insurance Code, Unfair Settlement Practices.     TEX. INS. CODE §541.060(a)(2)(A).

25.    Defendants ASI, Watson, and Anderson failed to explain to Plaintiff the reasons for their offer of an inadequate settlement.  Specifically, Defendants ASI, Watson, and Anderson failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made.  Furthermore, Defendants ASI, Watson, and Anderson did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim.  Defendants ASI's, Watson's, and Anderson's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

26.    Defendants ASI, Watson, and Anderson failed to affirm or deny coverage of Plaintiff's claim within a reasonable time.  Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants ASI, Watson, and Anderson.  Defendants ASI's, Watson's, and Anderson's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

27.    Defendants ASI, Watson, and Anderson refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendants ASI, Watson, and Anderson failed to conduct a reasonable investigation.  Specifically, Defendants ASI, Watson, and Anderson performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.

Defendants ASI's, Watson's, and Anderson's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(7).

28.   Defendant ASI failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's claim.  ASI's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

29.   Defendant ASI failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information.  ASI's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.056.

30.   Defendant ASI failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay.  Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not received full payment for his claim.  ASI's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

31.   From and after the time Plaintiff's claim was presented to Defendant ASI, the liability of ASI to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, ASI has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. ASI's conduct constitutes a breach of the common law duty of good faith and fair dealing.

32.    Defendants ASI, Watson, and Anderson knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

33.    As a result of Defendants ASI's, Watson's, Anderson's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing him with respect to these causes of action.

34.    Plaintiff's experience is not an isolated case. The acts and omissions ASI committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of ASI with regard to handling these types of claims. ASI's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

## CAUSES OF ACTION:

### CAUSES OF ACTION AGAINST WATSON AND ANDERSON

#### NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
#### UNFAIR SETTLEMENT PRACTICES

35.    Defendant ASI assigned Defendant Watson and Anderson to adjust the claim. Defendants Watson and Anderson were improperly trained to handle claims of this nature and performed an unreasonable investigation of Plaintiff's damages. During the investigation, the adjusters failed to properly assess Plaintiff's hail storm and/or windstorm damages. The adjusters also omitted covered damages from their reports, including many of Plaintiff's interior damages. In addition, the damages that the adjusters did include in the estimate were severely underestimated.

36.   Defendants Watson's and Anderson's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

37.   Defendants Watson and Anderson are each individually liable for their unfair and deceptive acts, irrespective of the fact each was acting on behalf of ASI, because each is a "person" as defined by TEX. INS. CODE §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability)).

38.   Falsehoods and misrepresentations may be communicated by actions as well as by the spoken word; therefore, deceptive conduct is equivalent to a verbal representation. Defendants' misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiff's damages; (2) stating that Plaintiff's damages were less severe than they in fact were; (3) using their own statements about the non-severity of the damage as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiff received. Defendants Watson's and Anderson's unfair settlement practice, as described above and the example

given herein, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

39.   Defendants Watson's and Anderson's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

40.   Defendants Watson and Anderson failed to explain to Plaintiff the reasons for their offer of an inadequate settlement.  Specifically, Defendants Watson and Anderson failed to offer Plaintiff adequate compensation without any explanation as to why full payment was not being made.  Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim.  The unfair settlement practice of Defendants Watson and Anderson as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

41.   Defendants Watson's and Anderson's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and

an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(4).

42.    Defendants Watson and Anderson did not properly inspect the Property and failed to account for and/or undervalued many of Plaintiff's exterior and interior damages, although reported by Plaintiff to ASI. Defendants Watson's and Anderson's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(7).

### CAUSES OF ACTION AGAINST ALL DEFENDANTS

43.    Plaintiff is not making any claims for relief under federal law.

### FRAUD

44.    Defendants ASI, Watson, and Anderson are liable to Plaintiff for common law fraud.

45.    Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiff would not have acted as they did, and which Defendants ASI, Watson, and Anderson knew were false or made recklessly without any knowledge of their truth as a positive assertion.

46.    The statements were made with the intention that they should be acted upon by Plaintiff, who in turn acted in reliance upon the statements, thereby causing Plaintiff to suffer injury and constituting common law fraud.

### CONSPIRACY TO COMMIT FRAUD

47.    Defendants ASI, Watson, and Anderson are liable to Plaintiff for conspiracy to commit fraud. Defendants ASI, Watson, and Anderson were members of a combination of two or

more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means. In reaching a meeting of the minds regarding the course of action to be taken against Plaintiff, Defendants ASI, Watson, and Anderson committed an unlawful, overt act to further the object or course of action. Plaintiff suffered injury as a proximate result.

**CAUSES OF ACTION AGAINST ASI ONLY**

48.   Defendant ASI is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

**BREACH OF CONTRACT**

49.   Defendant ASI's conduct constitutes a breach of the insurance contract made between ASI and Plaintiff.

50.   Defendant ASI's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of ASI's insurance contract with Plaintiff.

**NONCOMPLIANCE WITH TEXAS INSURANCE CODE:**
**UNFAIR SETTLEMENT PRACTICES**

51.   Defendant ASI's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

52.   Defendant ASI's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of

competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

53.     Defendant ASI's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though ASI's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

54.     Defendant ASI's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(3).

55.     Defendant ASI's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(4).

56.     Defendant ASI's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
### THE PROMPT PAYMENT OF CLAIMS

57. Defendant ASI's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

58. Defendant ASI's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

59. Defendant ASI's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

60. Defendant ASI's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

### ACTS CONSTITUTING ACTING AS AGENT

61. As referenced and described above, and further conduct throughout this litigation and lawsuit, Watson and Anderson are agents of ASI based on their acts during the handling of this claim, including inspections, adjustments, and aiding in adjusting a loss for or on behalf of the insurer. TEX. INS. CODE §4001.051.

62. Separately, and/or in the alternative, as referenced and described above, ASI ratified the actions and conduct of Watson and Anderson including the completion of their duties under the common law and statutory law.

Page 14

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

63. Defendant ASI's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

64. Defendant ASI's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, ASI knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

### KNOWLEDGE

65. Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

### DAMAGES

66. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

67. As previously mentioned, the damages caused by the May 9, 2014 hail storm and/or windstorm have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff.   These damages are a direct result of Defendants ASI's, Watson's, and Anderson's mishandling of Plaintiff's claim in violation of the laws set forth above.

68. For breach of contract, Plaintiff is entitled to regain the benefit of his bargain, which is the amount of his claim, together with attorney's fees.

69. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been

paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times his actual damages. TEX. INS. CODE §541.152.

70.    For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of his claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

71.    For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

72.    For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

73.    For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

74.    Plaintiff hereby requests that all causes of action alleged herein be tried before a jury consisting of citizens residing in Webb County, Texas. Plaintiff hereby tenders the appropriate jury fee.

## WRITTEN DISCOVERY

### REQUESTS FOR DISCLOSURE

75.    *Plaintiff's Request for Disclosure to Defendant ASI Lloyds* is attached as "Exhibit A."
*Plaintiff's Request for Disclosure to Defendant Shanon Watson* is attached as "Exhibit A-
1." *Plaintiff's Request for Disclosure to Defendant Adam Anderson* is attached as
"Exhibit A-2."

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said
Plaintiff has and recovers such sums as would reasonably and justly compensate him in
accordance with the rules of law and procedure, as to actual damages, treble damages under the
Texas Insurance Code, and all punitive and exemplary damages as may be found.  In addition,
Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all
costs of Court on his behalf expended, for prejudgment and postjudgment interest as allowed by
law, and for any other and further relief, either at law or in equity, to which he may show himself
justly entitled.

Respectfully submitted,

**MOSTYN LAW FIRM**


 */s/ René M. Sigman*
René M. Sigman
State Bar No. 24037492
rmsdocketefile@mostynlaw.com
3810 W. Alabama Street
Houston, Texas 77027
(713) 861-6616 (Office)
(713) 861-8084 (Facsimile)

**ATTORNEY FOR PLAINTIFF**

## "EXHIBIT A"

### CAUSE NO._____

| | | |
|---|---|---|
| **ROBERTO MARTINEZ,**<br>**Plaintiff,** | § § § | **IN THE DISTRICT COURT OF** |
| **v.** | § § | **WEBB COUNTY, TEXAS** |
| **ASI LLOYDS, SHANON WATSON,**<br>**AND ADAM ANDERSON,**<br>**Defendants.** | § § § | _____ **JUDICIAL DISTRICT** |

## PLAINTIFF'S REQUEST FOR DISCLOSURE TO DEFENDANT ASI LLOYDS

TO:   DEFENDANT ASI LLOYDS, by and through its Registered Agent: Rodney D. Bucker, 700 North Pearl Street, 25th Floor, Dallas, Texas 75201-2825.

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests that the above-named Defendant, ASI Lloyds (hereinafter referred to as "Defendant"), disclose, within fifty-one (51) days after the date of service of this request, the information or material described in Rule 194.2.

Respectfully submitted,

**MOSTYN LAW FIRM**

 /s/ René M. Sigman
René M. Sigman
State Bar No. 24037492
3810 W. Alabama Street
Houston, Texas 77027
(713) 861-6616 (Office)
(713) 861-8084 (Facsimile)

**ATTORNEY FOR PLAINTIFF**

## "EXHIBIT A-1"

### CAUSE NO._____

| | | |
|---|---|---|
| **ROBERTO MARTINEZ,** | § | **IN THE DISTRICT COURT OF** |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **WEBB COUNTY, TEXAS** |
| | § | |
| **ASI LLOYDS, SHANON WATSON,** | § | |
| **AND ADAM ANDERSON,** | § | |
| **Defendants.** | § | **_____ JUDICIAL DISTRICT** |

### PLAINTIFF'S REQUEST FOR DISCLOSURE TO DEFENDANT
### SHANON WATSON

TO:    DEFENDANT SHANON WATSON, at 4215 Loop 343, Rusk, Texas 75785.

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests that the above-named Defendant, Shanon Watson (hereinafter referred to as "Defendant"), disclose, within fifty-one (51) days after the date of service of this request, the information or material described in Rule 194.2.

Respectfully submitted,

MOSTYN LAW FIRM

*/s/ René M. Sigman*
René M. Sigman
State Bar No. 24037492
3810 W. Alabama Street
Houston, Texas 77027
(713) 861-6616 (Office)
(713) 861-8084 (Facsimile)

**ATTORNEY FOR PLAINTIFF**

**"EXHIBIT A-2"**

**CAUSE NO.**_____

| | | |
|---|---|---|
| **ROBERTO MARTINEZ,** | § | **IN THE DISTRICT COURT OF** |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **WEBB COUNTY, TEXAS** |
| | § | |
| **ASI LLOYDS, SHANON WATSON,** | § | |
| **AND ADAM ANDERSON,** | § | |
| **Defendants.** | § | **_____ JUDICIAL DISTRICT** |

## PLAINTIFF'S REQUEST FOR DISCLOSURE TO DEFENDANT ADAM ANDERSON

TO:   DEFENDANT ADAM ANDERSON, at 2749 Northridge Dr. E., Clearwater, Florida 33761.

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests that the above-named Defendant, Adam Anderson (hereinafter referred to as "Defendant"), disclose, within fifty-one (51) days after the date of service of this request, the information or material described in Rule 194.2.

Respectfully submitted,

**MOSTYN LAW FIRM**

 /s/ René M. Sigman
René M. Sigman
State Bar No. 24037492
3810 W. Alabama Street
Houston, Texas 77027
(713) 861-6616 (Office)
(713) 861-8084 (Facsimile)

**ATTORNEY FOR PLAINTIFF**